**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARLON A. GRANADOS SAAVEDRA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1979-KC** |
| | § | |
| **WARDEN, EL PASO PROCESSING CENTER, et al.** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Marlon A. Granados Saavedra's Petition for a Writ of Habeas Corpus, ECF No. 1.

This Court dismissed Granados Saavedra's previous petition for a writ of habeas corpus for lack of jurisdiction to review an Immigration Judge's ("IJ's") determination that he is a flight risk and thus should be denied bond. Order, *Granados Saavedra v. Warden, El Paso Processing Center*, No. 3:26-cv-1808-KC (W.D. Tex. July 7, 2026), ECF No. 2.

Granados Saavedra has now filed the instant Petition, challenging his detention as unlawful and seeking a bond hearing. Pet. 4–6. But Granados Saavedra already received a bond hearing at which an IJ "denied bond based upon an alleged finding that [he] represented a risk of flight." *Id.* ¶ 12. And Granados Saavedra's new Petition does not contain any allegations that would indicate that the IJ failed to make factual findings or conduct an individualized determination. *See generally* Pet. When a person has already received an individualized custody determination by an IJ, this Court lacks jurisdiction to sit in review of the IJ's discretionary finding that they are a flight risk and therefore should be denied bond. *See Lopez-Arevelo v.*

*Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). To the extent Granados Saavedra disagrees with the IJ's determination, he could have filed an appeal with the Board of Immigration Appeals or requested a custody redetermination, and he still may request a custody redetermination. Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction.

There is also no indication that Granados Saavedra is subject to a final order of removal, which would trigger a new claim and a different reasonableness standard for prolonged detention. *See generally* Pet.; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, his Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 28th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE